### In re GRIVE.

#### (District Court, D. Connecticut. May 7, 1907.)

#### No. 1,658.

**BANKRUPTCY—LIEN CREDITORS—RIGHTS.**
> Where creditors of a bankrupt contractor, after filing liens against the property of persons indebted to the estate on account of the same claims, filed and proved their claims against the bankrupt's estate as "unsecured," such claimants were entitled, on surrendering their liens, to share generally in the estate's assets, or on agreeing as to the value of the security covered by the liens, and crediting such amounts on the claims, prove the balance against the bankrupt's estate, as authorized by Bankr. Act July 1, 1898, c. 541, § 57, subd. h, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444].

In Bankruptcy. On petition for review.
For former opinion, see 151 Fed. 711.

Eugene B. Peck, for petitioner.

PLATT, District Judge.    The bankrupt was a contractor, carpenter, and builder.   Certain creditors have proved their claims against the bankrupt estate as "unsecured."   It appears that they have also, as subcontractors, filed liens against the property of certain persons indebted to said estate on account of the same claims, and that these liens prevent the trustee from collecting from said persons the amounts which they owe the estate.

So far as the form of proof is concerned, the referee acted properly, in the light of the record; but, in treating them strictly as unsecured for the purposes of a dividend, further thought is required.   Here equity steps in·and forbids one to follow too literally the text of the bankrupt law.   From an equitable point of view, and looking at the final results, the claims in question ought to be treated as secured, to the amount which the liens recorded against others by reason of them represent.   If the creditors will surrender to the trustee their rights as lienors, then they would be entitled to an equal share in such assets as the trustee can gather together for all.   If they prefer to hold their liens, then the way to get at exact justice is to make use of the method of adjustment suggested in Act July 1, 1898, c. 541, § 57, subd. h, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444].

Let the trustee and the creditors holding such liens get together and determine, by agreement, compromise, or arbitration, what the security covered by said liens is worth, and, after crediting such amounts upon the claims, let the balance, if any, come in and share equally with other creditors not so favored.   The estate ought to be closed within a reasonable time, and the right of subrogation is not practicable.   By neglecting to prosecute their liens, the creditors have hampered the trustee, and the above-suggested method will reach the highest equity.

This memorandum is intended to sustain the decision of the referee which is under review, and to advise him as to the proper steps next to be taken.